UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                      )

JANE GENTILE,                    )     CIVIL CASE NO.:
         Plaintiff        )
                                        )
V.                               )     JURY TRIAL DEMANDED
                                        )
KAISER FOUNDATION HEALTH PLAN, INC., )
         Defendant      )     MARCH 18, 2026
_____

## COMPLAINT

### Preliminary Statement

1.      The Plaintiff Jane Gentile ("Plaintiff" or "Ms. Gentile") brings this action against Defendant Kaiser Foundation Health Plan, Inc. ("Defendant", "Kaiser Permanente", or "Kaiser") for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sections 621-634 and for violations of Title VII of the Civil Rights Act of 1964 (Title VII (42 U.S.C. Section 2000e, because of her sex (female) and age (60-62 years old at the time of incidents incurred), as well as for violations of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Sections 46a-60(b)(1) et seq.

2.      Plaintiff began her employment with Defendant on July 11, 2022. During her tenure her performance was satisfactory or better. Nevertheless, she was subjected to adverse employment actions because of her age (61) and sex (female), and when she complained about her treatment, she was subjected to retaliation. Defendant, through its management employees, created an atmosphere so hostile,

1

70389105 v4

difficult, and stressful that she needed medical treatment, and she was constructively discharged from her employment on May 7, 2025, effective May 23, 2025.

## Jurisdiction

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because this is a civil action arising under the ADEA and Title VII.  This Court has supplemental jurisdiction over plaintiff's related claims arising under the laws of the State of Connecticut pursuant to 28 U.S.C. Section 1367(a).

## Venue

4.      Venue is proper in this District under 28 U.S.C. Section 13b1(b) and 42 U.S.C. Section 2000e-5(f)(3), and because a substantial part of the events or omissions giving rise to these claims occurred in this District, the Plaintiff resides in this District and the office of the Defendant in which the Plaintiff worked is located in this District.

## Conditions Precedent

5.      On June 14, 2024, Plaintiff timely filed charges of age discrimination, sex discrimination, and retaliation with the Equal Employment Opportunity Commission (EEOC) and the Connecticut Commission on Human Rights and Opportunities (CHRO). Investigations by those agencies were pending for at least 61 days prior to the filing of this Complaint.

6.      On or about February 19, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.  This Complaint has been filed within 90 days of the issuance of the receipt of that Notice.  Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

2

70389105 v4

7.      On or about February 18, 2026, the CHRO issued to Plaintiff a Release of Jurisdiction.  This Complaint has been filed within 90 days of receipt of that Release. Plaintiff has fully complied with all prerequisites to supplemental jurisdiction in this Court regarding Plaintiff's State law claims.

8.      Contemporaneous with the filing of this Complaint, Plaintiff has emailed a copy to the CHRO, thereby satisfying any notice requirements of the State of Connecticut.

## COUNT ONE:   DISCRIMINATORY TREATMENT AND RETALIATION BASED ON AGE IN  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTIONS 621-634

9.      Plaintiff repeats and realleges paragraph 1 through 8 above and incorporates them by reference herein.

10.      The Plaintiff resides at 10 West Ridge Road, Southington, Connecticut 06489.

11.      The Defendant Kaiser Foundation Health Plan, a/k/a Kaiser Permanente or Kaiser, ("Defendant" or "the Company") is registered to do business in Connecticut and is an employer within the meaning of Conn. Gen. Stat. Section 46a-51(1) and Section 46a-60 et seq.

12.      At all times relevant to this Complaint, Defendant was Plaintiff's employer.

13.      At all times relevant the Defendant has employed at least 15 employees in its Connecticut locations.

14.      Ms. Gentile began her employment with Defendant on July 11, 2022, and served as its Interim Population Health Management Initiative Senior Director equivalent (while recruitment was conducted to find a candidate with California Community Health

3

70389105 v4

Center onsite experience).  Naomi Inaba was hired and assumed that position on February 6, 2023. Over the next sixty (60) days Ms. Gentile assisted Ms. Inaba with transitioning responsibilities and trained Ms. Inaba regarding company protocols and stakeholder contacts.  Beginning April 30, 2023, Ms. Gentile remained on the team as an individual Contributor/Program Manager V, reporting to Ms. Inaba.

15.    At all times throughout her employment with Defendant Ms. Gentile's employment was satisfactory or better.  For 2022 Ms. Gentile received a successful performance rating and a merit raise.  She received positive feedback for the 2022 rating period from Shana Suapaia, Daryn Huang, and Monica Moore.  For 2023 she received a successful performance rating, and a merit raise and incentive payment, as well as positive employee feedback from Nahom Woldemariam, Shana Suapaia, Thom Wathen, Anna Alano-Castaneda, Sonji Maynard, and Daryn Huang.  In addition, Ms. Gentile was nominated by Kaiser Foundation Health Plan Vice President, Stephanie Ledesma, in 2023 to attend the Kaiser Foundation Health Plan Inc. executive development leadership training for ACTIVATE and ACCELERATE, which both programs were based on executive nomination in 2023 for current success in the employee's role and future executive potential.  Ms. Gentile successfully completed these two leadership courses in 2023 in alignment with executive management recognizing Ms. Gentile's potential which contradicts the demeaning treatment and purported need for improvement demanded by Ms. Inaba.  For 2024 Ms. Gentile received a successful performance rating and a merit increase and incentive payment, as well as positive feedback from Shant Bairian, Alvaro Fuentes (another PHMI Senior Director), and Joshua Crouch.

4

16.    Notwithstanding Ms. Gentile's successful performance and contributions to the Company, Ms. Inaba engaged in a continual effort to demean Ms. Gentile and to denigrate her performance in an effort to remove Ms. Gentile from her team, in large part because of Ms. Gentile's age and because Ms. Inaba felt threatened by Ms. Gentile's performance and abilities, associated with her experience gained over many years in the field – again, connected to her age.   The Company acknowledged "Ms. Gentile's successful performance and contributions to the Company."

17.    Ms. Inaba refused to permit Ms. Gentile to exercise her judgment to improve the performance of the team, and to make decisions for the benefit of the team and the Company.  Instead, for no good reasons, Ms. Inaba repeatedly, and consistently, overrode Ms. Gentile's decisions.  When Ms. Gentile complained to Brenda Lopez Taylor, the Company's Senior Human Resources Business Partner, about how Ms. Inaba was treating her because of her age, Ms. Taylor responded by saying that Ms. Gentile must do what Ms. Inaba wants because she is the Manager, and that Ms. Gentile must follow Ms. Inaba's instructions even if they result in errors that should not have occurred, but for which Ms. Gentile was blamed.

18.    On January 24, 2024, Ms. Inaba issued to Ms. Gentile a Performance Improvement Plan ("PIP"), with a timeline of 90 days to show improvement.

19.    On January 29, 2024, Ms. Gentile responded to the PIP by meeting with Ms. Taylor to point out the errors in Ms. Inaba's analysis and include data showing both Ms. Inaba's inaccuracies and Ms. Gentile's accomplishments.  Ms. Taylor said that she would review this information, but instead directed Ms. Gentile to review with Ms. Inaba. Ms. Gentile advised Ms. Taylor that she was not comfortable challenging Ms. Inaba

70389105 v4

given the history of ongoing derogatory verbal and email comments that have been made on Ms. Gentile's certification as an Accountant and tenured years of service. Ms. Taylor again advised that Ms. Gentile needed to review with Ms. Inaba without Human Resource oversight or protection in the conversation.

20.     On January 30, 2024, Ms. Gentile again tried to provide examples to Ms. Taylor of Ms. Inaba's intimidating and derogatory email communications so Ms. Taylor could understand Ms. Gentile's hesitation to engage with Ms. Inaba. Again, Ms. Taylor provided no guidance and again directed Ms. Gentile to discuss the issues with Ms. Inaba.

21.     On January 31, 2024, Ms. Gentile shared additional concerns with Ms. Taylor, detailing Ms. Inaba withholding information necessary for successful performance and using targeted language in emails. Again, Ms. Taylor provided no Human Resource intervention.

22.     Thereafter Ms. Inaba began sending emails to Ms. Gentile in an effort to make it appear that Ms. Gentile's performance was worsening, relying on the incomplete data Ms. Inaba was using. After January 2024, Ms. Inaba engaged in a program to remove Ms. Gentile from the team, notwithstanding the ongoing positive feedback Ms. Gentile receives from her peers.

23.     On March 20, 2024, Ms. Gentile was instructed by Ms. Inaba to obtain goals similar to Shant Bairian, a substantially younger male, notwithstanding that they are on the same team and work together. This revealed that Mr. Bairian had clear goals for "exceeds" and "exceptional" performance targets so when Ms. Gentile modeled her 2024 goals the same as requested, Ms. Inaba indicated in a 3/26/2024 email that Ms.

6

Gentile would not be able to achieve an "exceed" or "exceptional" performance rating, unlike Mr. Bairian.   Ms. Gentile reported to Ms. Taylor her concerns that she was facing age and gender discrimination in an email dated 4/1/2024; Ms. Taylor replied that she would perform an investigation.

24.    On April 2 and April 16, 2024, Ms. Gentile informed Ms. Taylor of mistakes that Ms. Inaba was making regarding decisions, based upon Ms. Inaba's failure to understand how the administrative and financial processes work.  However, Ms. Taylor made no effort to resolve the situation.  Furthermore, Ms. Inaba wanted Ms. Gentile to delete information on documents because Ms. Inaba did not want a paper trail to exist regarding mistakes made by Ms. Inaba

25.    On May 1, 2024, Ms. Inaba continued the PIP for an additional 60 days, and then left the office for three weeks, without providing any guidance to Ms. Gentile or performance oversight coverage and had Ms. Gentile continue to work independently. While Ms. Inaba was out of the office for 3 weeks, Ms. Gentile was released from the PIP on June 10, 2024 by Ms. Inaba's manager, Kaiser Foundation Health Plan Vice President, Stephanie Ledesma, using a document dated May 24, 2024 when Ms. Inaba was in the office and could have issued herself on that day but did not. Ms. Inaba continued to target Ms. Gentile because of her age and sex.

26.    On May 24, 2024, Ms. Inaba informed Ms. Gentile that Ms. Gentile is the oldest person on the team, that the team was expanded with younger people, and that Ms. Gentile should "find a place that lets you be you" on a different team within the Company.  Ms. Inaba suggested that Ms. Gentile network with other people in the

7

Company for other jobs.  Despite Ms. Inaba's efforts, the Performance Improvement Plan was eventually released after Ms. Gentile complained about Ms. Inaba's conduct.

27.     Nevertheless, on behalf of Defendant, Ms. Inaba continued to discriminate against Ms. Gentile because of her age and sex.  Ms. Inaba refused, both verbally and in emails, to permit Ms. Gentile to have the same "exceptional" and "excellent" goals for 2024 as a male employee on the team and as other younger members of the team; rather, Ms. Inaba stated that Ms. Gentile could only have "successful" goals for 2024. Other examples of such age discrimination include statements by Ms. Inaba that Ms. Gentile is "set in your ways or obsolete", that Ms. Gentile was the most "tenured, experienced" person on the team, but the team needed to hire "young blood".  On May 24, 2024, Ms. Inaba asked Ms. Gentile to post off the team because her "historical experience" was not a fit for a younger team.  At a meeting on May 24, 2024, Ms. Inaba spent a one-on-one meeting with Ms. Gentile telling her she should post off the team and out of the department.    Shocked at again being told to post off the team because she was too old, Ms. Gentile sent an email to Ms. Inaba the same day to make sure she had heard this request correctly, and Ms. Inaba confirmed the understanding was correct in an email again highlighting Ms. Gentile's "historical experience".

28.     Ms. Inaba repeatedly suggested to Ms. Gentile during 2024, without any evidence, that Ms. Gentile was not "tech savvy" because of Ms. Gentile's age, that Ms. Gentile is "set in her ways" or that her ways are "obsolete" due to her age.  Ms. Inaba further stated that she needed younger blood on her team, and, in fact, all new hires on Ms. Inaba's team during her tenure were 6 people much younger (ages 25 years old to 41 years old) than Ms. Gentile.

8

70389105 v4

29.     Ms. Inaba encouraged others to treat Ms. Gentile differently because of her age. Joshua Crouch, a male member of the team, referred to Ms. Gentile as "OG", meaning "original gangster" or old school.

30.     As set forth above, on June 10, 2024, Ms. Gentile received an email from Ms. Inaba's manager, Stephanie Ledesma, formally advising her that she was released from the Performance Improvement Plan as of May 24, 2024, notwithstanding that Ms. Inaba wanted the Plan to be extended until June 30, 2024.  However, it was not until January 21, 2025, that Brenda Lopez-Taylor closed out the Plan, but did not remove it from Ms. Gentile's personnel file as had been previously promised.

31.     On August 6, 2024, Ms. Inaba demanded that Ms. Gentile post off Ms. Inaba's team due to Ms. Gentile's age.  Jeff Hershman, Kaiser Employee Relations Investigator V, began an official Kaiser Foundation Health Plan/Kaiser Permanente EEO investigation.  He requested the documentation Ms. Gentile had supporting the ongoing issues and was able to see the collection of detailed evidence and proof.  This level of investigation should have occurred earlier when Ms. Gentile was told by Ms. Brenda Lopez-Taylor that an EEO investigation was being conducted, but was not, and EEO was not assigned.  On September 3, 2024, Ms. Gentile was transferred to a new position with Kaiser on the same Population Health Management Initiative team but reporting to Dr. Meena Mital on the Clinical Technical Advisory Team again as a Program Manager V, without a positive reference.  This transfer of roles was requested by Ms. Inaba's manager, Stephanie Ledesma, SVP Community Health. However, Ms. Gentile's position with Ms. Inaba was assigned to a younger male, Shant Bairian, with far less financial and enhanced specialty access program experience, who nevertheless

9

was continued in a higher grade (Program Manager VI) for the same work.  Again, this occurred because of Ms. Gentile's age and sex and Ms. Inaba's ongoing efforts to remove Ms. Gentile from the team.  At the time of the transfer Daryn Huang, FP&A Analyst V, expressed sadness that Ms. Gentile was transferred since, in his opinion, she had done an excellent job building the PHMI Financial process from scratch and running it for two plus years.

32.    Jeff Hershman, Kaiser Employee Relations Investigator V, to whom Ms. Gentile complained about her treatment, advised when he met with Ms. Gentile on September 30, 2024 (to discuss the retaliatory emails from Ms. Inaba that were received after Ms. Gentile moved to the new role on the team) that he would pursue a formal investigation of retaliation claims based on the email evidence provided.  That "investigation" did not result in Defendant correcting its discriminatory practices toward Ms. Gentile.

33.    Ms. Gentile repeatedly complained about Ms. Inaba's discriminatory conduct to Brenda Lopez-Taylor and Maica Erica Grewal in Human Resources.  Ms. Gentile's complaints were ignored and she was told that Maica Erica Grewal was conducting an "EEO" investigation when Ms. Grewal was not on the Kaiser Foundation Health Plan EEO team.  Ms. Gentile received an email from Brenda Lopez-Taylor, composed by Maica Erica Grewal, stating that nothing was found.  When Ms. Gentile informed Ms. Grewal that she had filed a claim with the CHRO, Ms. Grewal responded that a "formal Kaiser EEO investigation would now occur" (after the implied Human Resource "EEO" pseudo investigation) and the official Kaiser EEO team would take over and handle (resulting in the addition of investigator Jeff Hershman).  The false

10

70389105 v4

representation by Kaiser Foundation Health Plan Human Resources agents Brenda Lopez-Taylor and Maica Erica Grewal coupled with the ongoing refusal to help or conduct a full investigation to corroborate what Ms. Gentile provided confirmed the HR process failure and ongoing refusal to take these reports seriously.  Brenda Lopez-Taylor also admitted in the January 8, 2026 Fact-Finding session with the CHRO that she only spoke with Naomi Inaba on the claims raised by Ms. Gentile and took no further action to understand/investigate.  This same lack of attention and care was shown by Maica Erica Grewal in her purported "EEO" investigation.

34.     Ms. Inaba and Defendant discriminated against Ms. Gentile because of her age and sex in connection with the terms and conditions of her employment with the company, and engaged in a campaign to remove Ms. Gentile from her position and to deprive her of the income, and benefits to which she was entitled. Ms. Inaba further retaliated against Ms. Gentile for properly doing her job, and for informing Ms. Taylor of her complaints against Ms. Inaba stemming from her conduct in discriminating against Ms. Gentile because of her age and sex.

35.     Effective January 1, 2025, Kaiser reduced Ms. Gentile's salary by six percent (6%).

36.     On May 7, 2025, Kaiser constructively discharged Ms. Gentile from her employment with Kaiser, effective May 23, 2025.  Ms. Gentile's supervisors, Human Resources staff and EEO staff created an atmosphere so hostile, difficult, and stressful that Ms. Gentile needed medical treatment and was compelled to refrain from working for two days.  Her situation became unbearable and physically unsustainable due to episodes of loss of consciousness due to extreme stress leading to falls and injury. As a

11

result of the stress created by her supervisors and lack of support from Human Resources and EEO, Ms. Gentile experienced dizziness, lightheadedness, exacerbation of her respiratory allergies, and she now further suffers from hypoglycemia from an inability to eat due to the stress from work and the discrimination to which she has been subjected. Ms. Gentile offered to assist with transition of her duties and responsibilities, but Ms. Mital repeatedly cancelled meetings to deal with any transition issues.   In discharging Ms. Gentile from her employment, Defendant (1) retaliated against Ms. Gentile as a result of her filing the charges of discrimination and pursuing those charges, and (2) discriminated against her on the basis of her age.

37.    Plaintiff has suffered damages because of Defendant's unlawful discriminatory actions and retaliation, including past and future lost wages, retirement, and benefits plus the costs of bringing this action.  The resulting unemployment, job search and ongoing financial pressure have contributed to a continued heightened stress level after the constructive discharge.

38.    Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

**COUNT TWO:  SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTIONS 200E ET SEQ.**

1.-38. The Plaintiff repeats and realleges Paragraphs 1-38 of Count One as Paragraphs 1-38 of Count Two as if more fully set forth herein.

39.    On May 7, 2025, Defendant constructively discharged Plaintiff from her employment with Defendant, effective May 23, 2025.  Plaintiff's supervisors, Human Resources staff and EEO staff created an atmosphere so hostile, difficult, and stressful that she needed medical treatment and was compelled to refrain from working for two

12

days.  Her situation became unbearable.  As a result of the stress created by her supervisors Plaintiff experienced dizziness, lightheadedness, exacerbation of her respiratory allergies, and she now further suffers from hypoglycemia from inability to eat due to the stress from work and the discrimination to which she was subjected.  Plaintiff offered to assist with the transition of her duties and responsibilities, but Ms. Mital repeatedly cancelled meetings to deal with any transition issues.  In discharging Plaintiff from her employment, Defendant (1) retaliated against Plaintiff as a result of her complaining about her treatment and filing charges of discrimination and pursuing those complaints and charges, and (2) discriminated against her on the basis of her sex. The Defendant, by the conduct described above, has discriminated against the Plaintiff because of her sex in the terms and conditions of her employment and by constructively discharging her from her employment.

40.    Plaintiff suffered damages because of Defendant's unlawful discriminatory actions and retaliation, including emotional distress, past and future lost wages and benefits, plus the costs of bringing this action.

41.    Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT THREE:   DISCRIMINATION AND RETALIATION ON THE BASIS OF AGE IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT

1.-37. The Plaintiff repeats and realleges Paragraphs 1-37 of Count One as Paragraphs 1-37 of Count Three as if more fully set forth herein.

38.    Defendant willfully discriminated against Plaintiff because of her age and violated Plaintiff's rights under the Connecticut Fair Employment Practices Act, causing Plaintiff to suffer and sustain damages.

13

70389105 v4

39.     Plaintiff suffered damages because of Defendant's unlawful discriminatory actions and retaliation, including past and future lost wages and benefits, and the costs of bringing this action.

40.     Defendant willfully violated Plaintiff's rights under the Connecticut Fair Employment Practices Act and is therefore liable for liquidated damages.

## COUNT FOUR:   DISCRIMINATION AND RETALIATION ON THE BASIS OF SEX IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT

1.-40.  The Plaintiff repeats and realleges Paragraphs 1-40 of Count Two as Paragraphs 1-40 of Count Four as if more fully set forth herein.

41.     The Defendant, by the conduct described above, has discriminated against the Plaintiff because of her sex in the terms and conditions of her employment and by constructively discharging her from her employment in violation of the Connecticut Fair Employment Practices Act.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

14

70389105 v4

## PRAYER FOR RELIEF

WHEREFORE, upon all allegations and counts alleged herein, Plaintiff respectfully asks that this Court grant the following relief:

**As to Count One:**

1.    Money damages;

2.    Liquidated damages;

3.    Interest;

4.    Such other and further relief as this Court deems just and appropriate.

**As to Count Two:**

1.    Money damages;

2.    Punitive damages;

3.    Interest;

4.    Such other and further relief as this Court deems just and appropriate.

**As to Count Three:**

1.    Money damages;

2.    Punitive damages;

3.    Attorney's fees;

4.    Interest;

5.    Such other and further relief as the Court deems just and appropriate.

**As to Count Four:**

1.    Money damages;

2.    Punitive damages;

3.    Attorney's fees;

15

70389105 v4

4.    Interest;

5.    Such other and further relief as the Court deems just and appropriate.


                Respectfully submitted,

                THE PLAINTIFF,
                JANE GENTILE


                By  /s/  *Jeffrey J. Mirman*_____
                    Jeffrey J. Mirman (ct05433)
                    HINCKLEY ALLEN & SNYDER, LLP
                    20 Church Street
                    Hartford, Connecticut 06103
                    jmirman@hinckleyallen.com
                    Telephone: (860) 331-2762
                    Facsimile: (860) 278-3802
                    Its Attorneys

70389105 v4